UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD MARTIN,

Petitioner,

v.

Case Number 2:11-cv-15034
Honorable Gerald E. Rosen

KENNETH MCKEE,

Respondent.
_______________________________/

**OPINION AND ORDER GRANTING IN PART PETITIONER'S MOTION FOR RECONSIDERATION, GRANTING MOTION TO AMEND PETITION, VACATING ORDER DENYING PETITION, AND HOLDING CASE IN ABEYANCE PENDING EXHAUSTION OF STATE COURT REMEDIES [DKTS. 15 AND 16]**

This is habeas case brought by a state prisoner. The Court denied the petition in an opinion and order dated June 25, 2013. In pertinent part, the Court found that Petitioner's right to present a defense and ineffective assistance of trial counsel claims were without merit. The Court noted, however, that both parties argued the issues while operating under a false premise. Both in state court and in this action, the parties assumed that the trial court had denied with prejudice Petitioner's pretrial motion seeking to admit evidence regarding the complainant's motive to testify against Petitioner. The record revealed, however, that the trial court essentially reserved its ruling by indicating that it would revisit the matter after the close of the prosecutor's case. But for reasons not disclosed in the record, the issue was never addressed at trial.

Now cognizant of the language in the trial court's pretrial order, Petitioner has filed two motions. In his motion for reconsideration, Petitioner asserts that despite his ignorance of the trial court's pretrial order, he nevertheless effectively presented the state court with an open-ended

ineffective assistance of counsel claim that gave the state appellate court an opportunity to address what he missed. Petitioner asserts that this Court, therefore, should grant habeas relief with respect to a claim that his trial counsel was ineffective for failing to remind the trial court to revisit the admissibility of the defense evidence. Alternatively, Petitioner argues in his motion to amend the petition that if the claim is not exhausted, the Court should vacate its decision, allow him to amend his petition to include the new claim, and hold the amended petition in abeyance so he can present it to the state courts.

Respondent was ordered to file a response, and he too argues in the alternative. Respondent first asserts that the Court overstepped its bounds when it informed the parties that they were operating under a false premise and suggested that the language of the trial court's order substantially alters the ineffective assistance of counsel from the one presented to the state courts. Respondent argues that even in light of the language of the trial court's order, however, the new claim can be denied on the merits. Alternatively, Respondent asserts that relief cannot be granting on this unexhausted claim, and that if it is not denied on the merits, then as Petitioner suggests the case should be held in abeyance pending exhaustion of the claim.

For the reasons stated below, the Court will grant the motion to amend, and allow Petitioner to add a claim that his trial counsel was ineffective for failing to bring to the trial court's attention its ruling that it would revisit the admissibility of the disputed defense evidence at the close of the prosecutor's case. The Court will also grant in part the motion for reconsideration. The opinion and order denying the petition will be vacated, and the court will instead enter an order staying the case so that Petitioner may present his unexhausted ineffective assistance of counsel claim to the state courts.

A. Motion for Reconsideration

Local Rule 7.1(h) allows a party to file a motion for reconsideration. E.D. Mich. LR 7.1(h). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Czajkowski v. Tindall & Associates, P.C.*, 967 F.Supp. 951, 952 (E.D.Mich. 1997). The movant must not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction of any such defect. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D.Mich. 1997).

Here, there was a palpable defect by which both parties were misled. There is no indication in any of the pleadings filed in this Court or in the state courts that either party was aware that the trial court had reserved its ruling on Petitioner's motion to present the disputed defense evidence. Rather, both parties and the state appellate courts proceeded under the false assumption that the trial court had denied the pretrial defense motion with prejudice. This mistake significantly impacted the case both in the state appellate courts and in this Court. Both parties focused on whether two prosecution witnesses opened a new door to the defense evidence and assumed–incorrectly–that the trial court had found that the defense evidence was otherwise precluded.

Petitioner asserts in his motion for reconsideration that his ineffective assistance of counsel claim was presented broadly enough in the state courts to exhaust a claim that trial counsel was ineffective for failing to raise the issue of the defense evidence again at trial in light of the fact that the trial court reserved its ruling. A petitioner satisfies the exhaustion requirement, however, only when he raises the claim in a manner that affords the state courts a fair opportunity to address the

federal constitutional issue. See, e.g., *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner must present the very claim to the state courts—setting forth essentially the same facts, evidence, and legal basis—that he seeks to present to the federal court. See *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

Petitioner did not fairly present a claim based on the language of the trial court's pretrial ruling to the state courts. Despite some broad language in the appellate briefs, a fair reading shows that his claim was narrowly based on the allegation that two prosecution witnesses' testimony opened a new door to the defense evidence. No mention at all was made of the very significant fact that the trial court had reserved its ruling. This alternate factual basis for the claim puts it in a significantly stronger posture than what was presented to the state courts. The claim is therefore unexhausted. See, e.g., *Vasquez v. Hillery*, 474 U.S. 254, 257-58 (1986) (supplemental evidence that fundamentally alters a legal claim renders it unexhausted). Accordingly, the Court rejects Petitioner's claim that habeas relief can be granted on a claim that his trial counsel was ineffective for failing to raise the issue of the defense evidence in light of the trial court's initial order.

This brings to the fore Respondent's assertion that the Court overstepped its bounds and acted as an advocate for Petitioner when it discussed the language of the trial court's pretrial order and its impact on Petitioner's claims. The Court is certainly mindful of its role as a neutral arbiter, but it is another thing altogether for the Court perpetuate an erroneous reading of the record. In any event, the discovery of the trial court's pretrial order is a bit of a mixed bag for both parties. On the one hand, it certainly seems to put Petitioner's ineffective assistance of counsel claim in a better light. But on the other hand, it seems to greatly undercut his right to present a defense claim given the fact that the trial court never truely prohibited him from presenting the defense evidence.

Accordingly, the Court will grant the motion for rehearing in part. It will vacate the opinion and order denying the petition on the merits, and instead, it will order that the petition be stayed and held in abeyance pending exhaustion of Petitioner's claims.

B. Motion to Amend Petition

Federal Rule of Civil Procedure 15 provides that the Court should freely allow a party to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Respondent's opposition to Petitioner's motion to amend asserts that an amendment would be futile because the unexhausted claim must nevertheless be denied on the merits.

It is true that an unexhausted claim may nonetheless be rejected if it lacks merit. See *Bentley v. Bock*, 239 F. Supp. 2d 686, 691 (E.D. Mich. 2002)(citing to 28 U.S.C. § 2254(b)(2). But an unexhausted claim may be denied on the merits only when it is perfectly clear that the Petitioner does not raise even a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987). For the reasons discussed in the Court's opinion denying the petition, Petitioner's unexhausted claim is at least a colorable one. There may very well be a perfectly good reason that defense counsel did not ask the trial court for a ruling on the defense evidence at trial, but such a justification is certainly not apparent based on the existing record. Accordingly, it would not be futile to allow Petitioner to amend the petition to include his unexhausted claim.

Respondent does not allege that he would be otherwise prejudiced by allowing amendment of the petition. Indeed, he seems to acquiesce that if Petitioner's unexhausted claim is not denied on the merits, than it would be appropriate for the Court to allow the amendment and stay the case.

Federal district courts are authorized to stay federal habeas petitions pending the exhaustion

of new claims. *Moritz v. Lafler*, No. 2:07-CV-15369, 2008 WL 783751, at *2 (E.D. Mich. Mar. 19, 2008) (citing *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000)). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to stay proceedings pending exhaustion on a habeas petition, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n. 1 (6th Cir. 2002).

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber,* 544 U.S. 269, 278 (2005). To ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). The Court holds the petition in abeyance to allow Petitioner to pursue post-conviction proceedings in the state courts. The stay is conditioned upon Petitioner timely pursuing his state court remedies by filing a motion for relief from judgment under Michigan Court Rule 6.502 within sixty (60) days of entry of this order, and after exhausting his claims, returning to federal court within sixty (60) days. *Hargrove*, 300 F. 3d at 721; *See also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

C. Order

It is **ORDERED** Petitioner's motion for reconsideration is **GRANTED IN PART.** The Opinion and Order Denying the Petitioner for Writ of Habeas Corpus is **VACATED.**

It is further **ORDERED** that Petitioner's motion to amend is **GRANTED**.

It is further **ORDERED** that the petition for writ of habeas corpus will be held in abeyance.

Petitioner must file his motion for relief from judgment in the trial court within sixty (60) days of the date of this order and notify this Court when the motion is filed. The case will be held in abeyance pending exhaustion of Petitioner's claim. Petitioner shall refile a habeas petition within sixty (60) days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file his amended habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: October 22, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 22, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135